# In The United States Court of Federal Claims

No. 08-758C

(Filed: April 8, 2009)

_____

ROGER A. HOUSE,

           Plaintiff,

  v.

THE UNITED STATES,

           Defendant.

_____

**ORDER**

_____

      Mr. House is a former active duty Naval Lieutenant, who was fined $1,000 and received a letter of reprimand for a court-martial conviction stemming from an alleged sexual assault of an enlisted female on January 31, 2001.  On approximately September 29, 2005, plaintiff learned that Dr. Philip Mills, the forensic biologist who tested the DNA evidence used against him in his court-martial trial, was under investigation for falsifying DNA entries (and admitted to doing so in an unrelated case) and failing to maintain adequate safeguards during testing.  All of plaintiff's subsequent requests for relief have been denied without considering the merits of the DNA issue: by the Judge Advocate General on August 31, 2006, by the Navy-Marine Corps Court of Criminal Appeals on December 20, 2007, by the United States Court of Appeals of the Armed Forces on February 14, 2008, and by the Supreme Court on October 6, 2008.

      On October 24, 2008, plaintiff filed this suit for collateral relief, seeking to set aside his conviction and have the $1,000 fine remitted.  Mr. House contends that his conviction is constitutionally infirm because the DNA evidence used against him was unreliable and that his due process rights were violated when his petitions for a new trial were dismissed.  Defendant filed a motion to remand this matter to the Board for Corrections of Naval Records (BCNR) on February 23, 2009; plaintiff filed its response the following day, questioning the BCNR's jurisdiction to afford the relief requested.  Defendant filed its reply on March 9, 2009, and the court issued an order on March 31, 2009, setting oral arguments on defendant's motion to remand to the BCNR.  On April 3, 2009, the court stayed argument on the motion following indications that the parties were intending to file a joint motion requesting that the court stay proceedings and remand this matter to the United States Navy Office of the Judge Advocate General, which defendant filed on April 6, 2009.  That same day, defendant filed an unopposed

motion to withdraw its motion to remand to the BCNR. In the former motion, the parties indicated that "the JAG has agreed to exercise its discretion and consider this case pursuant to Article 69." Accordingly:

1. Defendant's motion to withdraw its motion to remand to the Board for Corrections of Naval Records (BCNR) is hereby **GRANTED**.

2. The parties' motion to stay is **GRANTED** and proceedings in this case are hereby **STAYED**.

3. This case is hereby **REMANDED**, for a period not to exceed sixty days, to the United States Navy Office of the Judge Advocate General to consider plaintiff's claims that the potential contamination or falsification of deoxyribonucleic acid ("DNA") evidence should invalidate his court-martial conviction.

4. On or before April 17, 2009, plaintiff shall submit any additional materials for consideration to the Navy Judge Advocate General.

5. On or before June 8, 2009, the parties shall file a joint report indicating the status of the remand proceedings and how this case shall proceed.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge