# In The United States Court of Federal Claims

No. 08-758C

(Filed: June 19, 2009)

_____

ROGER A. HOUSE,

                Plaintiff,

    v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**

_____

      Mr. House is a former active duty Naval Lieutenant, who was fined $1,000 and received a letter of reprimand for a court-martial conviction stemming from an alleged sexual assault of an enlisted female on January 31, 2001. On approximately September 29, 2005, plaintiff learned that Dr. Philip Mills, the forensic biologist who tested the DNA evidence used against him in his court-martial trial, was under investigation for falsifying DNA entries (and admitted to doing so in an unrelated case) and failing to maintain adequate safeguards during testing. Plaintiff's subsequent requests for relief were denied without considering the merits of the DNA issue: by the Judge Advocate General on August 31, 2006, by the Navy-Marine Corps Court of Criminal Appeals on December 20, 2007, by the United States Court of Appeals of the Armed Forces on February 14, 2008, and by the Supreme Court on October 6, 2008.

      On October 24, 2008, plaintiff filed this suit for collateral relief, seeking to set aside his conviction and have the $1,000 fine remitted. On remand, a United States Navy Judge Advocate General set aside plaintiff's conviction and granted his petition for a new trial because retesting the DNA evidence exculpated plaintiff. Although that retesting occurred in 2006, the results were not disclosed to plaintiff until he received a copy of the remand report in 2009. On June 6, 2009, plaintiff filed an amended complaint with this court, seeking active duty and retirement pay at the Lieutenant Commander rank he contends he would have received had he not been forced to retire as a Lieutenant because of his wrongful conviction.

      On June 18, 2009, defendant filed an unopposed motion to remand this matter to the Board for Correction of Naval Records (BCNR). Consistent with that proposal, the court hereby orders the following:

1. Proceedings in this case are **STAYED**.

2. Until no later than December 17, 2009, this case is **REMANDED** to the Board for Correction of Naval Records to consider: (i) plaintiff's claim that he was selected for a promotion by the selection board; (ii) plaintiff's claim that he was forced to retire; and (iii) any other matters that plaintiff presents in writing to the BCNR regarding his separation.

3. On or before September 17, 2009, defendant shall file an interim report on the status of the remand proceedings.

4. On or before December 23, 2009, defendant shall file a final report indicating how this case shall proceed.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge