# In The United States Court of Federal Claims

No. 08-758C

(Filed:  September 15, 2011)

_____

ROGER A. HOUSE,

                              Plaintiff,

          v.

THE UNITED STATES,

                              Defendant.

_____

**ORDER**

_____

          On July 8, 2011, this court granted defendant's motion for judgment on the administrative record in this case and ordered the Clerk to enter judgment in favor of defendant. *House v. United States*, Slip Op. No. 08-758C (Fed. Cl. July 8, 2011).  On August 5, 2011, plaintiff filed a motion for reconsideration under RCFC 59.

          To prevail on a motion for reconsideration under RCFC 59, the movant must identify a "manifest error of law, or mistake of fact."  *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000); *see also Alli v. United States*, 86 Fed. Cl. 33, 34 (2009).  Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice.  *System Fuels, Inc. v. United States,* 79 Fed. Cl. 182, 184 (2007); *Stockton East Water Dist. v. United States*, 76 Fed. Cl. 497, 499-500 (2007); *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004).  The court has considerable discretion in ruling on a motion for reconsideration.  *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Banks v. United States*, 84 Fed. Cl. 288, 291 (2008).  Nevertheless, granting such relief requires "a showing of extraordinary circumstances."  *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005); *see also Alli*, 86 Fed. Cl. at 34.

          In support of his motion, plaintiff largely reargues points that this court has already thoroughly considered and rejected, including that he was constructively promoted to the rank of

lieutenant commander.  *See House*, Slip Op. No. 08-758C at 13-17.  Unfortunately for plaintiff, these contentions are no more persuasive the second time around.[1]  Notably, plaintiff provides no argument in his motion – new or old – addressing the court's primary finding that the Board for the Correction of Naval Records properly found that his resignation was voluntary, thereby precluding plaintiff from being reinstated as of the date of his resignation and receiving back pay.  Plaintiff thus has provided no factual or legal basis for this court to disturb its prior ruling.

Based on the foregoing – and having considered and rejected the remainder of plaintiff's arguments – the court hereby **DENIES** plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[1]  Contrary to plaintiff's claims, there is no indication whatsoever that he ever was nominated to the rank he seeks.  Although the actual list of nominations is not in the record, there is more than adequate evidence in the record indicating that the requisite nomination never occurred.  And at no stage in this proceeding did plaintiff ever provide evidence to the contrary.  In rearguing that he was automatically promoted, plaintiff correctly notes that this court's prior opinion did not discuss specifically Department of Defense (DOD) Instruction 1320.4.  But, in that opinion, the court addressed and rejected plaintiff's claims that the alleged violation of another regulation somehow caused him to be constructively promoted.  *See House*, Slip Op. No. 08-758C at 17 n.18.  The very general provisions of DOD Instruction 1320.4 provides even less basis for this argument than the statutory and regulatory authorities that were previously cited in the court's opinion.